UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62064-CIV-MARRA/BRANNON

PETER KRYGGER et al.,

Creditors,

vs.

F1 INVESTMENTS INC., et al.,

Debtors.
_____/

CARIBBEAN AIRLINES LIMITED,
Garnishee
_____/

**OPINION AND ORDER**

This cause is before the Court upon Caribbean Airlines Limited's Motion to Dismiss or Discharge Liability Under Writ of Garnishment (DE 21). On November 21, 2012, the Court issued an order to show cause on Plaintiffs, ordering them to respond to the motion (DE 22). Plaintiffs did not respond. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

On September 20, 2011, Defendants filed a notice of removal of a garnishment proceeding upon a writ entered by the Broward County Circuit Court. (DE 1.) On December 5, 2011, Plaintiffs filed an ex parte motion for writ of continuing garnishment against Caribbean Airlines, Inc. (DE 5), which the Court granted (DE 6). On January 13, 2012, Plaintiffs filed an amended ex parte motion for writ of continuing garnishment (DE 8) to include the correct name

of the intended garnishee, Caribbean Airlines Limited, Co. ("CAL").  The Court granted the writ (DE 9) and it was issued on February 8, 2012 (DE 10).

On June 6, 2012, the Court issued an order to show cause for failure to prosecute based on the lack of proceedings. (DE 11.)   Plaintiffs responded that the case was still at issue because they had not yet received a response from CAL. (DE 14.)  Accordingly, the Court found good cause. (DE 15.)  Next, on July 31, 2012, CAL served its response to the continuing writ of garnishment. (DE 17.)   In that response, CAL stated that it is owned by the government of Trinidad and Tobago and is an agency or instrumentality of a foreign sovereign (Id., General Objections, ¶ 2.)  CAL is not indebted to Plaintiff within the state of Florida, is not in control of any tangible or intangible property of judgment debtor within the state of Florida, does not know of any other person indebted to the judgment debtor within the state of Florida and Defendant Kelly is employed by CAL in the country of Jamaica and is paid with a bank account of CAL located in Jamaica. (Id., Answer ¶¶ 1-5.)   The instant motion followed. (DE 21.)

II. Discussion

Plaintiffs proceed pursuant to Rules 64 and 69 of the Federal Rules of Civil Procedure, which provide that civil garnishment procedures in federal court must comply with the law of the state where the Court is located.  Fed. R. Civ. P. 64, 69.  Under Florida law, garnishment proceedings are governed by Chapter 77 of the Florida Statues.  Florida Statues § 77.061 provides:

> When any garnishee answers and plaintiff is not satisfied with the answer, he or she shall serve a reply within 20 days thereafter denying the allegations of the answer as he or she desires. On failure of plaintiff to file a reply, the answer shall be taken as true and on proper disposition of the assets, if any are disclosed thereby, the garnishee is entitled to an order discharging him or her from further liability under the writ.

Florida Statute § 77.061.

Also applicable to this case is the Foreign Sovereign Immunities Act ("FSIA"). 28 U.S.C. § 1602 et seq. Section 1604 of that Act provides:

> Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter.

28 U.S.C. §1604.

Similarly, the FSIA provides that "the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter." 28 U.S.C. § 1609. A foreign state includes "an agency or instrumentality of a foreign state." 28 U.S.C. § 1603. Here, the undisputed facts establish that CAL is owned by the government of Trinidad and Tobago and is therefore an agency or instrumentality of a foreign sovereign and thus entitled to the immunities set forth in the FSIA. Furthermore, Plaintiffs have not alleged any exceptions to the FSIA or any facts which constitute exceptions. See Saudi Arabian Airlines Corp. v. Tamimi, 176 F.3d 274, 277 (4th Cir. 1999) ("Under the FSIA, a foreign state is entitled to sovereign immunity unless the plaintiff demonstrates that one of the exceptions to sovereign immunity applies."). As such, the writ of garnishment is dismissed because the Court lacks subject matter jurisdiction.[1]

Because the Court lacks subject matter jurisdiction, and because the Court previously found

---

[1] Because the Court does not have jurisdiction, further analysis is unnecessary. However, for the purpose of a complete record, the Court notes that there is authority to support a discharge of liability for the garnishee for Defendant's wages earned and paid in Jamaica. See Ellis v. Barclays Bank PLC–Miami Agency, 594 So.2d 826 (Fla. Dist. Ct. App. 1992) (garnishee bank discharged from further liability when the garnishee reported on all bank accounts in United States but was silent as to foreign accounts).

that the case should not be dismissed for lack of prosecution based on Plaintiffs' claim that it was awaiting a response from the CAL, the Court hereby requests Plaintiffs to inform it whether this case is still at issue.

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Caribbean Airlines Limited's Motion to Dismiss or Discharge Liability Under Writ of Garnishment (DE 21) is **GRANTED.** Plaintiffs shall file a status report **within 10 days of the date of entry of this Order**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of December, 2012.

_____
KENNETH A. MARRA
United States District Judge